United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Michael W. Tkacs
Tabitha L Tkacs
     Debtors

Case No. 15-14981-elf
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: Antoinett        Page 1 of 1        Date Rcvd: Feb 22, 2018
                      Form ID: pdf900      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 24, 2018.
db/jdb       +Michael W. Tkacs,   Tabitha L Tkacs,   197 Seminole Avenue,   Norwood, PA 19074-1128

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                          TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2018                                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 22, 2018 at the address(es) listed below:
          JASON BRETT SCHWARTZ   on behalf of Creditor   Capital One Auto Finance
           jschwartz@mesterschwartz.com, jottinger@mesterschwartz.com
          JOSHUA ISAAC GOLDMAN   on behalf of Creditor   Pingora Loan Servicing Inc bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          KEVIN G. MCDONALD   on behalf of Creditor   Pingora Loan Servicing Inc KMcDonald@blankrome.com
          REBECCA ANN SOLARZ   on behalf of Creditor   Pingora Loan Servicing Inc bkgroup@kmllawgroup.com
          STEPHEN MATTHEW DUNNE   on behalf of Debtor Michael W. Tkacs bestcasestephen@gmail.com
          STEPHEN MATTHEW DUNNE   on behalf of Joint Debtor Tabitha L Tkacs bestcasestephen@gmail.com
          THOMAS I. PULEO   on behalf of Creditor   Pingora Loan Servicing Inc tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com, philaecf@gmail.com
          WILLIAM EDWARD CRAIG   on behalf of Creditor   Mariner Finance ecfmail@mortoncraig.com,
           mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                    TOTAL: 10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Tabitha L. Tkacs<br>Michael W. Tkacs<br>　　　　　Debtors | CHAPTER 13 |
| Pingora Loan Servicing Inc<br>　　　　　Movant<br>vs. | NO. 15-14981 ELF |
| Tabitha L. Tkacs<br>Michael W. Tkacs<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$7,441.94,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | 10/1/2017 through 12/1/2017 at $1,714.86/month<br>1/1/2018 at $1,724.66/month |
| Suspense Balance: | $458.30 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$7,441.94** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on February 1, 2018 and continuing through July 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of $1,724.66 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,240.32 from February 2018 through June 2018 and $1,240.34 for July 2018** towards the arrearages on or before the last day of each month at the address below;

Cenlar FSB<br>
425 Phillips Blvd.<br>
Ewing, NJ 08618

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 30, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.

Date:_____

/s/ Stephen Matthew Dunne
Stephen Matthew Dunne
Attorney for Debtors

Date: 2/13/2018

LeRoy Etheridge /o
William C. Miller
Chapter 13 Trustee

**NO OBJECTION**    *without prejudice to any trustee rights or remedies

# O R D E R

Approved by the Court this 22nd day of February, 2018. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**